# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEXIS LEE, | Case No. 2:19-cv-1332-KJD-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| DINO DENNISON, ET AL., | |
| Defendants. | |

This matter is before the Court on Defendants' Motion for Attorneys Fees re Order ECF No. 46 (ECF No. 47), filed on September 1, 2020. Plaintiff filed a Response (ECF No. 50) on September 15, 2020 and Defendants filed a Reply (ECF No. 51) on September 22, 2020. The Court finds this matter properly resolved without a hearing. LR 78-1.

**I.      BACKGROUND**

The Court and the parties are familiar with the facts of this case and they will only be repeated as necessary. This is a personal injury action in which Plaintiff alleges she was injured on September 9, 2018 while traveling as a passenger in a vehicle that was involved in an accident with a vehicle operated by Defendant Dennison within the course and scope of his employment with Defendant Knight Transportation, Inc. The parties have engaged in discovery and the discovery cutoff deadline expired on July 30, 2020. The Court previously resolved a dispute regarding Plaintiff's expert disclosure. The Court granted Defendants the opportunity to seek their fees and costs for having to bring the Motion to Strike (ECF No. 34). It ordered the parties to meet and confer to attempt to agree on the amount of fees and costs due to Defendants, but to the extent the parties could not agree, the Court set a briefing schedule to determine the amount. The parties met and conferred as instructed by the Court, but were unable to compromise on an amount, which necessitates court resolution of the instant motion.

## II.  DISCUSSION

"When a court grants a motion to compel, the victor is entitled to expenses–including attorneys' fees–unless the loser was substantially justified or the imposition of sanctions would be unjust." *Kiessling v. Det. Rader P#6099*, 2018 WL 1401972, at *4 (D. Nev. Mar. 20, 2018) (citing Fed. R. Civ. P. 37(a)(5)(A)).[1]  Discovery conduct is substantially justified "if reasonable people could differ on the matter in dispute." *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 435 (D. Nev. 2006).  The losing party has the burden of establishing substantial justification or unjust circumstances. *E.g., Wood v. GEICO Casualty Co.*, 2016 WL 6069928, at *1 (D. Nev. Oct. 14, 2016).  The district court has great latitude in imposing discovery sanctions. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

Here, Defendants seek to recover $3,056.50 in fees and $0 in costs in connection with the Motion to Strike (ECF No. 34) based on 14.5 hours of work.  (ECF No. 47).  As the Court previously discussed in its Order (ECF No. 46) on the Motion to Strike, it did not find Plaintiff's expert disclosure to warrant the harsh sanction of exclusion.  However, it was significantly prejudicial to Defendants to warrant an award of attorneys' fees for the motion briefing as there was a substantial amount of medical treatment, expert reports, and complicated disclosures at issue.  Plaintiff responds that because the Court did not exclude her expert disclosures as untimely disclosed, then she should not be sanctioned under Rule 37.  (ECF No. 50).  Defendants reply that Plaintiff's only arguments in opposition to the fee award are just copy and pasted from her objection to the Court's underlying Order ECF No. 46.

Plaintiff should be very careful as she casually inserts mischaracterizations and misstatements in her Response regarding Rule 37 and the Court's prior Order ECF No. 46.  The Court set forth a detailed analysis of its reasoning for denying the harsh sanction of exclusion of Plaintiff's expert disclosures in its Order ECF No. 46.  Indeed, the law is clear that a party must disclose the identity of any expert witness it intends to use at trial. Fed.R.Civ.P. 26.  The party

---

[1] An award of attorneys' fees is also improper if a pre-filing conference was not conducted prior to filing the motion to compel. Fed. R. Civ. P. 37(a)(5)(A)(i).  That exception is not implicated here.

must also provide a written report of the expert. *Id*. Parties must disclose their experts at the times and in the sequence that the Court orders. *Id*. The rule contemplates two classes of experts: those retained to provide expert testimony, and those not retained, but may provide expert testimony. *See Elgas v. Colorado Belle Corp*., 179 F.R.D. 296, 298 (D. Nev. 1998). Those retained to provide expert testimony must provide a written report of their opinions. *See* Fed.R.Civ.P. 26(a)(2)(B); *see also* Fed.R.Civ.P. 26(a)(2)(B) advisory committee's notes to 1993 amendment ("[t]he requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written order.").

If the expert witness is not required to submit a written report, then the disclosure must provide "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed.R.Civ.P. 26(a)(2)(C)(i)-(ii). This requirement was added to "mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions." Fed.R.Civ.P. 26(a)(2)(C) advisory committee's notes to 2010 amendment. Treating physicians and other health care professionals are among those whom the plaintiff must identify under Rule 26(a)(2)(A) and then provide a summary under Rule 26(a)(2)(C). *Id*. While this disclosure is "considerably less extensive than then report required by Rule 26(a)(2)(B)[,]" the summary is understood to mean the abstract or abridgment of the witnesses testimony. *Id*.; *see also Carrillo*, 2013 WL 394207, at *6 (citing *Kristensen ex rel. Kristensen v. Spotnitz*, 2011 WL 5320686, at *2 (W.D. Va. June 3, 2011)).

When a party fails to meet its expert disclosure obligations, the Court turns to Rule 37(c) to determine the appropriate consequences. Rule 37 provides that a non-compliant party is "not allowed to use the information or witness to supply evidence . . . at trial, unless the failure was substantially justified or harmless." The party facing the sanction has the burden of showing

substantial justification or harmlessness. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106–07 (9th Cir. 2001).

Courts have outlined several factors in determining whether substantial justification and harmlessness exist, including: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence. *See, e.g., David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003); *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. Apr. 13, 2010) (unpublished decision). It is well-settled that "[h]armlessness may be established if [an expert] disclosure is made sufficiently before the discovery cutoff to enable the movant to depose the expert and challenge his expert report." *Pacific Indem. Co. v. Nidec Motor Corp.*, 203 F. Supp. 3d 1092, 1097 (D. Nev. 2016) (Gordon, J.) (collecting cases).

Even where non-disclosure is neither harmless nor justified, however, courts are not required in all instances to impose an exclusion sanction. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011). Courts have wide discretion in determining the appropriate sanction. *See Yeti*, 259 F.3d at 1106. In determining the appropriate sanction, courts look to five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

Under this standard, the Court found that Plaintiff's conduct was not substantially justified or harmless and specifically took into consideration the different requirements that apply to expert disclosure of treating physicians. Indeed, Plaintiff is completely disingenuous and even likely intentionally mischaracterizing her actions in this case as her physician disclosures went well below the scope of their treatment of her. That was exactly the issue that the Court found to be prejudicial to Defendants. They opine on causation and damages, which are not within the limited range of a treating physician. Rather, those issues are foreseeable to be needed from experts in Plaintiff's case-in-chief, which would not make them timely rebuttal experts.

Moreover, the Court explicitly outlined why it declined to impose the exclusion sanction in favor of the lesser sanction of attorney's fees. In fact, it is widely accepted that the untimeliness of an expert report is sufficiently harmless to prevent an exclusion sanction when the opposing party had time to depose the expert and challenge his expert report before the discovery cutoff. *See, e.g., Pacific Indemnity*, 203 F. Supp. 3d at 1097. That is the situation that the Court found occurred here. Both experts were disclosed by the rebuttal expert disclosure deadline and more than a month before the close of discovery, which provided Defendants sufficient opportunity to depose them. As a result, the Court finds that the disclosure of Ingebretsen and Garber was not untimely, but even if it was, it was sufficiently harmless that exclusion is not the appropriate remedy. Most importantly, Plaintiff is utterly incorrect that the Court is not able to award attorney's fees despite declining to strike her expert disclosure. Even upon a showing of harmlessness sufficient to rule out an exclusion sanction, courts are empowered to remedy lingering prejudice by imposing less severe sanctions. *See, e.g., Pacific Indemnity,* 203 F. Supp. 3d at 1098. For example, courts may award appropriate attorneys' fees caused by the failure. Fed.R.Civ.P. 37. Therefore, consistent with the Court's Order ECF No. 46, it finds that Plaintiff's actions were not substantially justified in her rebuttal expert disclosures and it would not be unjust to award attorney's fees to Defendants for having to bring the Motion to Strike.

### 1. Lodestar

Having determined that an award of attorneys' fees is proper, the Court turns to calculating the amount of those fees. Reasonable attorneys' fees are generally calculated using the traditional "lodestar" method. *See, e.g., Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).[2] Although

---

[2] Adjustments to the lodestar are proper in only "rare and exceptional cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

presumptively reasonable, the Court may adjust the lodestar amount based on the *Kerr* factors[3] to account for factors that have not been subsumed in the lodestar calculation. *Id.*

### A. Reasonable Hours

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable. *See, e.g., Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013). The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). The reasonableness of hours expended depends on the specific circumstances of each case. *Camacho*, 523 F.3d at 978. In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g., Hensley*, 461 U.S. at 433.

With respect to attorneys' fees arising out of a motion to compel discovery, recoverable fees include those "incurred in making the motion [to compel]." Fed.R.Civ.P. 37(a)(5)(A). In addition, the movant may also recover "fees on fees" for the time expended in filing a motion for attorneys' fees. *See, e.g., Aevoe Corp. v. AE Tech Co.*, 2013 WL 5324787, at *7 (D. Nev. Sept. 20, 2013) (collecting cases). In making the determination of the reasonableness of hours expended on such motions, "the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing." *See, e.g., Marrocco*, 291 F.R.D. at 588.

Defendants seek to recover for 14.5 hours for preparing the motion and reply briefing. (ECF No. 47). The vast majority of these hours reflect time expended by Analise N. M. Tilton

---

[3] The *Kerr* factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

with minimal additional time from Kyle J. Hoyt and Joel D. Odou.  The Court recognizes that some duplication of effort is necessary and unavoidable in any case, particularly when a case goes on for many years and an attorney needs to update previous legal work product and research that may have grown stale.  *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  The Court further recognizes that experienced attorneys must supervise the work of less-experienced attorneys and must confer regarding case strategy.  Thus, the Court analyzed the billing entries on an hour-by-hour basis and did not find any to be clearly excessive, redundant, or otherwise unnecessary.  Further, Plaintiff did not specifically highlight a billing entry that needed to be reduced.  As such, the Court finds the 14.5 hours to be reasonable under these circumstances.

### B.  Hourly Rates

Having determined the hours reasonably expended by counsel, the Court turns to the hourly rate with which to calculate the lodestar.  The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested.  *Camacho*, 523 F.3d at 980.  "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate."  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case.  *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

There is ample case law establishing that the upper range of the prevailing rates in this District is $450 for partners and $250 for experienced associates.  *See, e.g., Sinayan v. Luxury Suites Int'l, LLC*, 2016 WL 4394484, *4 & n.4 (D. Nev. Aug. 17, 2016) (collecting cases).  In this case, the Court finds an appropriate hourly rate for Mr. Vigil to be $395.  *Cf. Walker v. N. Las*

*Vegas Police Dept.*, 2016 WL 3536172, at *2 (D. Nev. June 27, 2016).  The Court finds an appropriate hourly rate for Defense Counsel is $205.00 for associates and senior counsel and $245 for partners.  *Cf. Hassasan LV, LLC v. Adamcyzk*, 2016 WL 2844045, at *4 (D. Nev. Mar. 28, 2016), adopted, 2016 WL 2731671 (D. Nev. May 9, 2016).  Indeed, the partner, Odou, indicates he has over 20 years of experience practicing law in Nevada and elsewhere and that top rate of $245 is well within the reasonable range.

### C. Calculation

As established above, the Court finds that Defendants should recover attorneys' fees for 14.5 hours of work at rates of $205.00 for the associate and the senior counsel and $245 for the partner.  As such, the Court awards attorneys' fees in the amount of $3,056.50 and will grant the Motion.

### D. Party Responsible to Pay Sanction

Sanctions pursuant to Rule 37(a)(5) may be issued against a party, a party's attorney, or both.  *See* Rule 37(a)(5) (allowing for recovery of expenses, including attorneys' fees, against "the party or attorney advising that conduct, or both").  Hence, the Court has the authority to award fees under Rule 37 against a party and counsel jointly and severally.  *See, e.g., Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988).  Awarding sanctions against a party and counsel jointly and severally is appropriate where it is unclear from the record which is less blameworthy than the other.  *See Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 338 (D. Nev. 2016) (collecting cases); *see also Herb Reed Enterps., Inc. v. Monroe Powell's Platters, LLC*, 2013 WL 3729720, at *10 (D. Nev. July 11, 2013), affirmed, 2013 WL 5278518 (D. Nev. Sept. 13, 2017).  Based on the Court's review of the record, the Court will impose the sanctions ordered herein only against Plaintiff.  The parties expressed no opinion on this aspect and the Court does not find any reason to include Plaintiff's counsel.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion for Attorney's Fees re Order ECF No. 46 (ECF No. 47) is **granted**.

**IT IS FURTHER ORDERED** that for the reasons discussed above, Plaintiff shall pay Defendants' attorney's fees in the amount of $3,056.50 within 30 days of the issuance of this order.

DATED: October 7, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE