UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEXIS LEE, | Case No. 2:19-cv-01332-KJD-NJK |
| Plaintiff, | ORDER |
| v. | |
| DINO DENNISON, et al., | |
| Defendants. | |

Presently before the Court is Defendants' Motion in Limine No. 1 to Exclude Arguments Regarding Lack of Drug and Alcohol Testing (#88). Plaintiff responded in opposition. (#114).

I.     Factual and Procedural Background

This action arises from a motor vehicle accident on September 9, 2017. Plaintiff Alexis Lee ("Lee") was driving an economy-sized Hyundai Sonata and Defendant Dino Dennison ("Dennison") was driving a semi-truck as an employee of Defendant Knight Transportation ("Knight") when the two vehicles collided. A police officer was nearby and responded to the incident, assessed the situation, and filed a report. Lee filed suit against Dennison and Knight for damages.

Defendants bring this motion in limine to exclude arguments regarding a lack of drug and alcohol testing that is required by a federal regulation under particular circumstances following a commercial vehicle crash on a public road.

II.     Analysis

A motion *in limine* is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." Diamond X Ranch, LLC v. Atlantic Richfield Co., No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at \*1 (D. Nev. May 8, 2018). A "motion *in limine* should not be used to resolve factual disputes or

weigh evidence." IGT v. Alliance Gaming Corp., No. 2:04-cv-1676-RCJ-RJJ, 2008 WL 7084605, at *2 (D. Nev. Oct. 21, 2008). "To exclude evidence on a motion in limine, 'the evidence must be inadmissible on all potential grounds.'" Diamond X Ranch, 2018 WL 2127734, at *1 (quoting Indiana Ins. Co. v. General Elec. Co., 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)).

Fed. R. Evid. ("Rule") 401 provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Rule 402 states in pertinent part, "[i]rrelevant evidence is not admissible." The Court may also exclude evidence if its probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or needlessly presenting cumulative evidence. Rule 403.

Defendants petitions the Court to prevent Plaintiff from making arguments about the lack of alcohol or drug testing after the incident. (#88). The Code of Federal Regulations requires post-accident testing under certain circumstances. The regulation, § 382.303 states that:

> (a) As soon as practicable following an occurrence involving a commercial motor vehicle operating on a public road in commerce, each employer shall test for alcohol for each of its surviving drivers:
>
> (1) Who was performing safety-sensitive functions with respect to the vehicle, if the accident involved the loss of human life' or
>
> (2) Who receives a citation within 8 hours of the occurrence under State or local law for a moving traffic violation arising from the accident, if the accident involved:
>
> i. Bodily injury to any person who, as a result of the injury, immediately receives medical treatment away from the scene of the accident; or
>
> ii. One or more motor vehicles incurring disabling damage as a result of the accident, requiring the motor vehicle to be transported away from the scene by a tow truck or other motor vehicle.

49 C.F.R. § 382.303(a).

The same circumstances mandate testing for controlled substances. 49 C.F.R. § 383.303(b). Defendants argue that any mention of a lack of alcohol or drug testing is irrelevant and will

unduly prejudice Defendants and mislead the jury. (#88, at 7). Defendants assert that the police officer at the scene did not suspect Dennison of being under the influence of alcohol or drugs and that the officer told Dennison that he was free to leave. (#88-2, at 4). Defendants also assert that only after Dennison left did Lee request an ambulance to take her to the hospital, so neither Dennison nor Knight knew that the circumstances warranted a test as required under § 382.303(a)(b). (#88, at 4). Defendants do not address, however, whether Dennison or Knight knew that Lee's car had to be towed from the scene. Ultimately, Defendants argue that Knight had no reason to require any testing from Dennison because Knight lacked knowledge that the § 383.303 circumstances applied, so any mention of it will be needless.

Plaintiff argues that Dennison was given a citation for the crash, that Lee was taken by ambulance to the hospital, and that Lee's car was towed from the scene, thus, the regulation mandated testing. (#114, at 3). Plaintiff also asserts that Dennison leaving the scene consists of "willful blindness" and does not excuse the obligations under § 383.303(a)(b).

The Court finds that this is irrelevant because it goes to the issue of liability and Defendants have already accepted liability. (#94). The only issue remaining for trial is that of damages. Id. Whether or not Defendants failed to meet their obligation under federal regulation is not germane to the amount of damages Plaintiff may or may not be entitled to.

III.    Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion in Limine (#88) is **DENIED.**

Dated this 17th day of January, 2023.

                                                    Kent J. Dawson
                                                    United States District Judge