UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEXIS LEE,<br><br>                          Plaintiff,<br><br>     v.<br><br>DINO DENNISON, et al.,<br><br>                          Defendants. | Case No. 2:19-cv-01332-KJD-NJK<br><br>ORDER |

Presently before the Court is Defendants' Motion in Limine No. 2 to Exclude Reports and Testimony of Plaintiff's Retained Expert, Dr. Stan Smith Regarding Speculative Damages (#89). Plaintiff responded in opposition. (#115).

I.    Factual and Procedural Background

This action arises from a motor vehicle accident on September 9, 2017. Plaintiff Alexis Lee ("Lee") was driving an economy-sized Hyundai Sonata and Defendant Dino Dennison ("Dennison") was driving a semi-truck as an employee of Defendant Knight Transportation ("Knight") when the two vehicles collided. A nearby police officer responded to the incident, assessed the situation, and filed a report. Lee filed suit against Dennison and Knight for damages.

Defendants bring this motion in limine to exclude the reports and testimony of Plaintiff's expert witness, Dr. Stan Smith. Specifically, Defendants ask the Court to exclude any testimony from Dr. Smith regarding hedonic damages (also known as "loss of enjoyment of life") and loss of household/family housekeeping management services.

II.    Analysis

**A. Legal Standard**

A motion *in limine* is a procedural mechanism made in advance to limit testimony or

evidence in a particular area" and is "entirely within the discretion of the Court." Diamond X Ranch, LLC v. Atlantic Richfield Co., No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at *1 (D. Nev. May 8, 2018). A "motion *in limine* should not be used to resolve factual disputes or weigh evidence." IGT v. Alliance Gaming Corp., No. 2:04-cv-1676-RCJ-RJJ, 2008 WL 7084605, at *2 (D. Nev. Oct. 21, 2008). "To exclude evidence on a motion in limine, 'the evidence must be inadmissible on all potential grounds.'" Diamond X Ranch, 2018 WL 2127734, at *1 (quoting Indiana Ins. Co. v. General Elec. Co., 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)).

Fed. R. Evid. 702 permits a "witness who is qualified as an expert by knowledge, skill, experience, training, or education [to] testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." The Supreme Court gave expanded direction on Rule 702 in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). In Daubert, the Court held that Rule 702 imposed "a special obligation upon a trial judge to 'ensure that any and all scientific testimony… is not only relevant, but reliable.'" See Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999). The Court expanded this gatekeeping obligation to all expert testimony. Id. at 147. Daubert "established that, faced with a proffer of expert scientific testimony, the trial judge, in making the initial determination whether to admit the evidence, must determine whether the expert's testimony reflects (1) "scientific knowledge," and (2) will assist the trier of fact to understand or determine a material fact at issue." Daubert, 509 U.S. at 592. The "focus must be solely on principles and methodology, not on the conclusions that they generate." Id. at 595.

The Ninth Circuit has emphasized that "Rule 702 is applied consistent with the liberal thrust of the Federal Rules and their general approach of relaxing the traditional barrier to opinion testimony." Jinro Am. Inc. v. Secure Investments, Inc., 266 F.3d 993, 1004 (9th Cir. 2001). "An expert witness–unlike other witnesses–is permitted wide latitude to offer opinions, including

1 those that are not based on firsthand knowledge or observation, so long as the expert's opinion
2 [has] a reliable basis in the knowledge and experience of his discipline." Id. (citations and
3 quotation marks omitted).

4     In Daubert, the Court also clarified that parties should not be "overly pessimistic about the
5 capabilities of the jury and of the adversary system generally." Daubert, 509 U.S. at 596.
6 "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the
7 burden of proof are the traditional and appropriate means of attacking shaky but admissible
8 evidence." Id. "The role of the Court is not to determine 'the correctness of the expert's
9 conclusions but the soundness of his methodology.'" Great W. Air, LLC v. Cirrus Design
10 Corporation, No. 2:16-CV-02656-JAD-EJY, 2019 WL 6529046, *3 (D. Nev. 2019). "The judge
11 is supposed to screen the jury from unreliable nonsense opinions… [t]he district court is not
12 tasked with deciding whether the expert is right or wrong, just whether his testimony has
13 substance such that it would be helpful to a jury." Id. at 4.

### B.  Dr. Smith's Testimony

15     Defendants argue that the opinions Dr. Smith would offer violate federal law that prohibits
16 the recovery of speculative damages. (#89, at 7). Defendants argue that Dr. Smith's calculations
17 regarding the loss of Lee's household services and hedonic damages are entirely speculative
18 because they do not account for specific factors pertaining to Lee's life. Id. Defendants point to
19 numerous cases throughout the country where courts have held that Dr. Smith is prohibited from
20 offering his expert opinion. Id. at 6, n. 14.

21     Plaintiff insists that Dr. Smith's testimony is relevant and would help a jury understand the
22 evidence presented to them. (#115, at 2). Plaintiff also takes issue with the cases cited by
23 Defendants because they are non-binding. Id. at 3. Plaintiff points to Farring v. Hartford Fire Ins.
24 Co., 2:12-cv-479-JCM-PAL, 2014 WL 12770120, at *2 (D. Nev. Mar. 14, 2014) which held that
25 Dr. Smith's testimony would be allowed because it would help a jury in assigning damages and
26 because the jury would be free to accept or reject Dr. Smith's conclusions. Plaintiff also points to
27 Knaack v. Knight Transportation, Inc., 3:17-cv-00172-LRH-WGC, 2019 WL 19882523, at *6
28 (D. Nev. May 3, 2019) which held that Dr. Smith could testify because there was no evidence

1  showing Dr. Smith was "either unqualified or that his calculations and methodology are so
2  flawed that they must be excluded[.]"

3  Regarding hedonic damages, Defendants advise the Court to be skeptical of allowing Dr.
4  Smith's testimony because other courts have excluded his testimony and because other courts
5  have been wary of admitting testimony based on value-of-life studies. (#89, at 7).

6  Defendants assert that Dr. Smith offers only a generalized effort to calculate how much
7  Defendants should pay, and did so without speaking with Lee, without reviewing Lee's
8  deposition or speaking with Lee's medical experts, and without knowledge of Lee's psychiatric
9  treatment or psychological diagnoses that predated the incident. Id. at 8. Defendants contend that
10 Dr. Smith's opinion is nothing more than a generic one that ignores the facts specific to this case.
11 Id. at 9.

12 Regarding loss of household/family services, Defendants also take issue with Dr. Smith's
13 opinion that Lee has lost $345,093.00 of household/family management services. (#89, at 9-10).
14 Defendants argue that this number is entirely speculative because it is based on general tables
15 and values for housekeeping and household management that are non-specific and unrelated to
16 the Plaintiff. Id. Defendants present evidence that the hourly wage calculated by Dr. Smith "does
17 not reflect the actual amount Plaintiff has paid in hiring individuals to perform the household
18 chores that she supposedly once performed." Id. Lee's deposition stated that she never actually
19 incurred any aid with daily chores, so the calculations by Dr. Smith are irrelevant to these facts.
20 Id.

21 Plaintiff argues that Dr. Smith's opinion is helpful to a jury and that Defendants may cross-
22 examine Dr. Smith during the trial. (#115). Plaintiff asserts that even if the numerical estimates
23 are speculative, they go to the weight of the evidence, and not the admissibility. Id. at 9. Plaintiff
24 also cites to many non-binding cases to support her arguments. Id. at 7-9.

25 It is true that some speculation is inherent in awarding damages.[1] And although the Court

---

[1] "As a general rule, damages which result from a tort must be established with reasonable certainty…. [A] reasonable basis for computation must exist. Many courts have denied a monetary award in infringement cases when damages are remote and speculative." McClaran v. Plastic Industries, Inc., 97 F.3d 347, 361 (9th Cir. 1996). It is too early to decide whether the proposed damages in this case are entirely remote and speculative, and there is a proposed reasonable basis for the damages being alleged. Therefore, the Court cannot determine at this juncture that Dr. Smith's

1  does have some concerns about the generic nature of some of the opinions Dr. Smith will offer
2  during trial, this does not mean his opinion should be altogether excluded. The Ninth Circuit has
3  made clear that "[a]n expert witness–unlike other witnesses–is permitted wide latitude to offer
4  opinions, including those that are not based on firsthand knowledge or observation, so long as
5  the expert's opinion [has] a reliable basis in the knowledge and experience of his discipline."
6  Jinro Am. Inc. v. Secure Investments, Inc., 266 F.3d 993, 1004 (9th Cir. 2001). Defendants have
7  not fully convinced the Court that Dr. Smith's methods are flawed, unreliable, or unaccepted in
8  his field. The jury is tasked with weighing the evidence after any vigorous cross-examinations
9  that may occur, whereas the Court is tasked only with prohibiting "nonsense" opinions. Great W.
10 Air, LLC v. Cirrus Design Corporation, No. 2:16-CV-02656-JAD-EJY, 2019 WL 6529046, *3
11 (D. Nev. 2019). Dr. Smith's conclusions and calculations may be incorrect– however, they are
12 still admissible.

13     III.    Conclusion

14     Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion in Limine (#89) is
15 **DENIED.**

16 Dated this 17th day of January, 2023.

                                      Kent J. Dawson
                                      United States District Judge

---

testimony is entirely speculative.