UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEXIS LEE,<br><br>                Plaintiff,<br><br>    v.<br><br>DINO DENNISON, et al.,<br><br>                Defendants. | Case No. 2:19-cv-01332-KJD-NJK<br><br>ORDER |

Presently before the Court is Defendants' Motion in Limine No. 4 to Exclude Reference to Driver Leaving the Accident Scene Before Permitted (#91). Plaintiff responded. (#117).

I.      Factual and Procedural Background

This action arises from a motor vehicle accident on September 9, 2017. Plaintiff Alexis Lee ("Lee") was driving an economy-sized Hyundai Sonata and Defendant Dino Dennison ("Dennison") was driving a semi-truck as an employee of Defendant Knight Transportation ("Knight") when the two vehicles collided. A nearby police officer responded to the incident, assessed the situation, and filed a report. Lee filed suit against Dennison and Knight for damages.

Defendants bring this motion in limine to prevent Plaintiff from mentioning that Denison left the scene of the accident before he was permitted to do because Defendants argue it is speculative and untrue.

II.     Analysis

A motion *in limine* is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." Diamond X Ranch, LLC v. Atlantic Richfield Co., No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at \*1 (D. Nev. May 8, 2018). A "motion *in limine* should not be used to resolve factual disputes or weigh evidence." IGT v. Alliance Gaming Corp., No. 2:04-cv-1676-RCJ-RJJ, 2008 WL 7084605, at \*2 (D. Nev. Oct. 21, 2008). "To exclude evidence on a motion in limine, 'the

evidence must be inadmissible on all potential grounds.'" Diamond X Ranch, 2018 WL 2127734, at *1 (quoting Indiana Ins. Co. v. General Elec. Co., 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)).

Defendants argue that testimony about Dennison leaving the scene of the accident early is speculative and irrelevant. (#91, at 6).

Plaintiff responded, but with a limited opposition. (#117). Plaintiff stated:

> To the extent that Defendants' motion seeks to preclude Alexis or her counsel from arguing that Dennison fled the scene of the crash, Alexis does not oppose the motion. However, Alexis should not be precluded from simply stating when Dennison left the scene as part of her general narrative of the post-crash events without characterizing whether or not his departure was "permitted." A ruling any broader than this would preclude Alexis from providing a full narrative of the events on the date of the crash, which would unfairly hamper her presentation evidence."

(#117, at 2).

The Court grants Defendants' motion and notes that in accordance with Plaintiff's limited opposition, Plaintiff will only be precluded from testifying or insinuating that Dennison fled the scene of the accident. Additionally, such narrative testimony will limited because the parties already stipulated to liability.

III.   Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion in Limine (#91) is **GRANTED.**

Dated this 17th day of January, 2023.

                                                    _____
                                                    Kent J. Dawson
                                                    United States District Judge