UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEXIS LEE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DINO DENNISON, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:19-cv-01332-KJD-NJK<br><br>ORDER |

　　Presently before the Court is Defendants' Motion in Limine No. 5 to Preclude Arguments From Plaintiff Regarding Experience With Similar Cases (#92). Plaintiff responded. (#118).

I.　　Factual and Procedural Background

　　This action arises from a motor vehicle accident on September 9, 2017. Plaintiff Alexis Lee ("Lee") was driving an economy-sized Hyundai Sonata and Defendant Dino Dennison ("Dennison") was driving a semi-truck as an employee of Defendant Knight Transportation ("Knight") when the two vehicles collided. A nearby police officer responded to the incident, assessed the situation, and filed a report. Lee filed suit against Dennison and Knight for damages.

　　Defendants bring this motion in limine to preclude Plaintiff's counsel from arguing to a jury that he has previously tried similar cases because it is irrelevant and will improperly prejudice the jury.

II.　　Analysis

　　A motion *in limine* is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." Diamond X Ranch, LLC v. Atlantic Richfield Co., No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at

*1 (D. Nev. May 8, 2018). A "motion *in limine* should not be used to resolve factual disputes or weigh evidence." IGT v. Alliance Gaming Corp., No. 2:04-cv-1676-RCJ-RJJ, 2008 WL 7084605, at *2 (D. Nev. Oct. 21, 2008). "To exclude evidence on a motion in limine, 'the evidence must be inadmissible on all potential grounds.'" Diamond X Ranch, 2018 WL 2127734, at *1 (quoting Indiana Ins. Co. v. General Elec. Co., 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)).

Defendants move the Court to prevent Plaintiff's counsel from making any arguments (1) referencing his previous experience, (2) the general worth of similar cases, or (3) the general operations of trucking companies such as Defendant Knight Transportations. (#92, at 4). Defendants argue that these arguments are irrelevant and are only intended to prejudice the jury. Id. at 5-6.

Plaintiff filed only a limited opposition, agreeing that Plaintiff's counsel will not refer to his prior experience as evidence in this case. (#118, at 2). However, Plaintiff argues that counsel should not be precluded from mentioning experience in prior cases during voir dire. Id. Plaintiff argues that "in the context of evaluating a potential juror's willingness to entertain a requested amount of damages, it would be appropriate for counsel to state, for example, that in cases similar to this one, counsel seeks damages of a certain amount." Id.

Plaintiff cites to a Nevada Supreme Court case, in which the Court held that "it is permissible for a party to use a specific award amount in questioning jurors regarding their biases toward large verdicts, [and] it is the duty of the district court to keep the questioning within reasonable limits. Khoury v. Seastrand, 337 P.3d 81, Nev. Adv. Op. 52 (2016).

The Court finds that, in accordance with the briefing of both parties, Plaintiff's counsel is precluded from offering his experience in prior cases as evidence in this case. Further, counsel may propose questions to be asked of the jurors, but the Court conducts the voir dire of the jurors, with the input from counsel. Therefore, in accordance with the order regarding trial, Plaintiff's counsel may submit specific questions for prior review by the Court. (#106, at ¶ 12). The Court will then ask the approved questions to the prospective jurors.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion in Limine (#92) is **GRANTED.**

Dated this 17th day of January, 2023.

                                              Kent J. Dawson
                                              United States District Judge