UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEXIS LEE, | Case No. 2:19-cv-01332-KJD-NJK |
| Plaintiff, | ORDER |
| v. | |
| DINO DENNISON, et al., | |
| Defendants. | |

Presently before the Court is Defendants' Motion in Limine No. 6 to Preclude Use of Reptile Arguments During Trial. (#93). Plaintiff responded in opposition. (#119).

I.      Factual and Procedural Background

This action arises from a motor vehicle accident on September 9, 2017. Plaintiff Alexis Lee ("Lee") was driving an economy-sized Hyundai Sonata and Defendant Dino Dennison ("Dennison") was driving a semi-truck as an employee of Defendant Knight Transportation ("Knight") when the two vehicles collided. A nearby police officer responded to the incident, assessed the situation, and filed a report. Lee filed suit against Dennison and Knight for damages.

Defendants bring this motion in limine to preclude Plaintiff from making arguments or presenting evidence that will promote (1) a sense of fear, (2) self-preservation to protect community, and (3) punishment for Defendants.

II.     Analysis

A motion *in limine* is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." Diamond X Ranch, LLC v. Atlantic Richfield Co., No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at *1 (D. Nev. May 8, 2018). A "motion *in limine* should not be used to resolve factual disputes or weigh evidence." IGT v. Alliance Gaming Corp., No. 2:04-cv-1676-RCJ-RJJ, 2008 WL

7084605, at *2 (D. Nev. Oct. 21, 2008). "To exclude evidence on a motion in limine, 'the evidence must be inadmissible on all potential grounds.'" Diamond X Ranch, 2018 WL 2127734, at *1 (quoting Indiana Ins. Co. v. General Elec. Co., 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)).

Defendants' concern lies with "a recent trend among the plaintiff bar suggesting that plaintiff lawyers must appeal to the jurors' own sense of self-protection in order to persuade and prevail at trial" called the "Reptile Strategy." (#93, at 5). According to this theory, jurors award larger verdicts to plaintiffs because of an appeal made by lawyers to jurors' primary instinct of self-preservation and sense of fear. Id. Defendant's do not want Plaintiff's counsel couching "allegations of liability in terms of safety rather than standard of care." Id. at 6. Defendants also object to any reference to "Golden Rule" arguments as improper, because it encourages jurors to depart from neutrality and issue a judgment while imagining what the juror themselves would want. Id.

Plaintiff objects to the motion and argues that it is an unnecessary request to the Court because it is nothing more than "baseless pre-trial speculation." (#119, at 3). Plaintiff takes issue with the accusation that Plaintiff's counsel may violate well-established trial procedure and conduct, as well as the broad nature of the "reptile argument" claim. Id.

The Court notes that no attorney misconduct will be allowed during trial. The Court also notes that although somewhat vague, the concerns of Defendants are well taken. The Court reminds the parties that arguments should be made consistent with the jury instructions and according to the standard of care. And as Plaintiff argued, the Defendants may object to specific instances of misconduct as may or may not occur during the trial.

III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion in Limine (#93) is **GRANTED.**

Dated this 17th day of January, 2023.

_____
Kent J. Dawson
United States District Judge