UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEXIS LEE,<br><br>                    Plaintiff,<br><br>        v.<br><br>DINO DENNISON, et al.,<br><br>                    Defendants. | Case No. 2:19-cv-01332-KJD-NJK<br><br>ORDER |

Presently before the Court is Defendants' Motion in Limine No. 7 to Exclude Liability Arguments as Defendants Have Accepted Liability. (#94). Plaintiff responded. (#120).

I.     Factual and Procedural Background

This action arises from a motor vehicle accident on September 9, 2017. Plaintiff Alexis Lee ("Lee") was driving an economy-sized Hyundai Sonata and Defendant Dino Dennison ("Dennison") was driving a semi-truck as an employee of Defendant Knight Transportation ("Knight") when the two vehicles collided. A nearby police officer responded to the incident, assessed the situation, and filed a report. Lee filed suit against Dennison and Knight for damages.

Defendants bring this motion in limine to preclude Plaintiff from making arguments and including evidence and testimony on liability because Defendants have already accepted liability for the subject accident and all that remains for trial is damages.

II.    Analysis

A motion *in limine* is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." Diamond X Ranch, LLC v. Atlantic Richfield Co., No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at \*1 (D. Nev. May 8, 2018). A "motion *in limine* should not be used to resolve factual disputes or weigh evidence." IGT v. Alliance Gaming Corp., No. 2:04-cv-1676-RCJ-RJJ, 2008 WL 7084605, at \*2 (D. Nev. Oct. 21, 2008). "To exclude evidence on a motion in limine, 'the

evidence must be inadmissible on all potential grounds.'" Diamond X Ranch, 2018 WL 2127734, at *1 (quoting Indiana Ins. Co. v. General Elec. Co., 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)).

Defendants argue that because liability has been accepted and all that remains for trial is damages, arguments on the issue of liability are unnecessary, unreasonable, and a waste of judicial economy. (#94, at 6).

Plaintiff filed a limited opposition, asserting that Plaintiff does not intend to develop the issue of liability during trial, but argues that Plaintiff is entitled to discuss the facts and circumstances of the accident. (#120, at 2). Plaintiff also takes issue with how broad Defendant's motion is. Id.

The Court finds that because the parties have stipulated that Defendants are liable for causing the crash, it is unnecessary to make arguments developing that issue. However, Plaintiff is entitled to discuss the underlying facts of the accident, and the Court can address during trial whether specific questions fall outside the scope of this order.

III.     Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion in Limine (#94) is **GRANTED.**

Dated this 17th day of January, 2023.

Kent J. Dawson
United States District Judge