UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEXIS LEE,<br><br>              Plaintiff,<br><br>      v.<br><br>DINO DENNISON, *et al.*,<br><br>              Defendants. | Case No. 2:19-cv-01332-KJD-NJK<br><br>ORDER |

Presently before the Court is Plaintiff's Motion in Limine No. 1 (#97) to preclude Defendants from suggesting that there may be undisclosed medical records. Defendants filed a response in opposition (#107).

I. Background

This action arises from a motor vehicle accident on September 9, 2017. Plaintiff Alexis Lee ("Lee") was driving an economy-sized Hyundai Sonata and Defendant Dino Dennison ("Dennison") was driving a semi-truck as an employee of Defendant Knight Transportation ("Knight") when the two vehicles collided. While Defendants have generally accepted liability, the parties still dispute the amount and causation of damages alleged by Plaintiff.

Plaintiff's first motion in limine argues that "Defendants should be precluded from arguing that Alexis suffered from some imaginary spine injury, or that some injury predating the crash, solely because Plaintiff lacks medical records to disprove Defendants' baseless allegations." Doc. No. 97 at p. 6, l.15-17. Plaintiffs argue that allowing such argument would require Plaintiff to prove a negative.

II. Analysis

A motion *in limine* is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." Diamond X

1  Ranch, LLC v. Atlantic Richfield Co., No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at
2  *1 (D. Nev. May 8, 2018). A "motion *in limine* should not be used to resolve factual disputes or
3  weigh evidence." IGT v. Alliance Gaming Corp., No. 2:04-cv-1676-RCJ-RJJ, 2008 WL
4  7084605, at *2 (D. Nev. Oct. 21, 2008). "To exclude evidence on a motion in limine, 'the
5  evidence must be inadmissible on all potential grounds.'" Diamond X Ranch, 2018 WL
6  2127734, at *1 (quoting Indiana Ins. Co. v. General Elec. Co., 326 F.Supp.2d 844, 846 (N.D.
7  Ohio 2004)).

      Plaintiff argues that Federal Rule of Evidence 403 precludes any testimony regarding missing medical records: "[even] [r]elevant evidence may be excluded if its probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, or if it would result in undue delay, waste of time, or a needlessly cumulative presentation of evidence." Plaintiffs argue that the evidence is not relevant and its admission would be too prejudicial.

      However, with causation and damages still at issue, prior injury is relevant and it appears that Defendant intends to address this through Plaintiff's deposition testimony, Defenses' expert witness, and Plaintiff's existing medical records. Defendants oppose the motion asserting that they are not relying on a lack of records to prove a pre-existing back injury. The Court agrees that Defendants may attempt to introduce relevant evidence of prior injury. The weight and credibility of that evidence is for the jury to decide. To the extent that Defendants refer to a lack of medical records, they must lay the appropriate foundation before doing so. Accordingly, the Court denies the motion in limine as premature, subject to renewal if Defendants ask questions with appropriate foundation demonstrating relevance and lack of prejudice.

III. Conclusion

      Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion in Limine No. 1 (#97) is **DENIED as premature**.

Dated this 17th day of January, 2023.

_____
Kent J. Dawson
United States District Judge