UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEXIS LEE,<br><br>                Plaintiff,<br><br>    v.<br><br>DINO DENNISON, *et al.*,<br><br>                Defendants. | Case No. 2:19-cv-01332-KJD-NJK<br><br>ORDER |

    Presently before the Court is Plaintiff's Motion in Limine No. 2 (#98) to preclude or limit reference to medical liens or any other collateral source of payment. Defendants filed a response in opposition (#108).

I. Background

    This action arises from a motor vehicle accident on September 9, 2017. Plaintiff Alexis Lee ("Lee") was driving an economy-sized Hyundai Sonata and Defendant Dino Dennison ("Dennison") was driving a semi-truck as an employee of Defendant Knight Transportation ("Knight") when the two vehicles collided. While Defendants have generally accepted liability, the parties still dispute the amount and causation of damages alleged by Plaintiff.

    Plaintiff's second motion in limine argues that "Any evidence of reference to medical liens should be strictly limited to asking doctors who still hold their liens at the time of trial: (1) what a medical lien is; and (2) whether their treatment was offered on such a medical lien. Any further questioning along these lines violates would violate [sic] the collateral source rule and would cause unfair prejudice to plaintiffs." Doc. No. 98 at p. 6, l. 15-19.

II. Analysis

    A motion *in limine* is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." Diamond X

1  Ranch, LLC v. Atlantic Richfield Co., No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at
2  *1 (D. Nev. May 8, 2018). A "motion *in limine* should not be used to resolve factual disputes or
3  weigh evidence." IGT v. Alliance Gaming Corp., No. 2:04-cv-1676-RCJ-RJJ, 2008 WL
4  7084605, at *2 (D. Nev. Oct. 21, 2008). "To exclude evidence on a motion in limine, 'the
5  evidence must be inadmissible on all potential grounds.'" Diamond X Ranch, 2018 WL
6  2127734, at *1 (quoting Indiana Ins. Co. v. General Elec. Co., 326 F.Supp.2d 844, 846 (N.D.
7  Ohio 2004)).

8      Plaintiff is correct that Nevada has "adopt[ed] *a per se* rule barring the admission of a
9  collateral source of payment for an injury into evidence for any purpose." Proctor v. Castelletti,
10  911 P.2d 853, 854 (Nev. 1996). It concluded that "[collateral source evidence inevitably
11  prejudices the jury because it greatly increases the likelihood that a jury will reduce a plaintiffs
12  award of damages because it knows the plaintiff is already receiving compensation." Id. Federal
13  courts likewise have adopted the collateral source rule. See Eichel v. New York Cent. R.
14  Co., 375 U.S. 253, 255 (1963) (stating that evidence the plaintiff is receiving benefits from a
15  collateral source is prejudicial); Russo v. Matson Nov. Co., 486 F.2d 1018, 1020 (9th Cir.
16  1973) (stating that "where the injured plaintiff's compensation comes from a collateral source, it
17  should not be offset against the sum awarded for the tort nor considered in determining that
18  award").

19      However, evidence that Plaintiff was treated by physicians who hold medical liens does
20  not, in and of itself, violate the collateral source rule. Evidence of the existence of a medical lien
21  does not suggest a third-party source of payment; rather, it evidences "an unpaid bill." Calvert v.
22  Ellis, 2016 WL 153044 at *4 (D. Nev. January 12, 2016). Thus, the existence of a lien could
23  implicate the lienholder's credibility (i.e., whether the lien-holding witness is testifying in order
24  to help plaintiff recover funds to pay the lien). Id. Therefore, Defendants are not precluded from
25  asking Plaintiff's treating physicians who are also retained experts whether they hold a medical
26  lien and in what amount. Nor are they precluded from arguing that the physicians may be biased
27  because they have an incentive to assist Plaintiff in maximizing recovery in this case. Expert
28  compensation is relevant and admissible as it may impact bias. Id.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion in Limine No. 2 (#98) is **DENIED**.

Dated this 17th day of January, 2023.

_____
Kent J. Dawson
United States District Judge